UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEAH MICHELLE AMEDEE**                           **CIVIL ACTION**

**VERSUS**                                          **NO. 17-10385**

**SHELL CHEMICAL LP**                              **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court is Defendant Shell Chemical LP-Geismar Plant's ("Defendant Shell") "Motion to Dismiss for Improper Venue or, alternatively, to Transfer Venue" (Rec. Doc. 15) and Plaintiff Leah Amedee's ("Plaintiff") "Response in Opposition" (Rec. Doc. 16). Also before the Court is Defendant Shell's Motion for Leave to File Reply (Rec. Doc. 18). For the reasons provided below,

**IT IS ORDERED** that Defendant Shell's Motion for Leave to File Reply is **GRANTED** and Defendant Shell's proposed pleading (Rec. Doc. 18-2) shall be filed into the record.

**IT IS FURTHER ORDERED** that Defendant Shell's Motion to Dismiss or in the alternative Transfer Venue (Rec. Doc. 15) is **DENIED** insofar as it seeks to dismiss Plaintiff's claims for improper venue and **GRANTED** insofar as it seeks to transfer Plaintiff's case to the Middle District of Louisiana. Plaintiff's FMLA claim is hereby **TRANSFERRED** to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a) and Plaintiff's ADA claim **TRANSFERRED** to the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a), where venue is proper on all claims.

1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff filed a *pro se* Complaint against Defendant Shell in October 2017. Rec. Doc. 1. Subsequent to enrolling highly competent counsel, she filed an amended complaint on January 30, 2018. Rec. Doc. 7. Plaintiff's complaint alleges two causes of action: 1) a claim under the Family Medical Leave Act of 1993 ("FMLA"), and 2) a claim pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Rec. Doc. 7). In relevant part, Plaintiff alleges that Defendant Shell failed to provide her with requested seating to accommodate her chronic back condition, as well as wrongful termination while she was on protected leave. *Id*. at 3-4.

While *pro se*, Plaintiff originally filed this case in the Eastern District of Louisiana. Rec. Doc. 16 at 5-6. Defendant Shell now moves this Court to transfer this case to the Middle District of Louisiana. Rec. Doc. 15. Defendant Shell contends that Plaintiff's claims arise exclusively out of her employment with Defendant Shell at its Geismar facility, located in the Middle District of Louisiana. Rec. Doc. 15.

**LAW AND ANALYSIS**

Plaintiff's complaint makes allegations pursuant to FMLA and the ADA. As a result we analyze venue under both statutes respectively. Venue requirements pursuant to a FMLA claim are set forth under 28 U.S.C. § 1391(b). The statute contains a general venue provision, delineating that:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391 (2011).

Unfortunately, the FMLA claim is governed by general venue principles while her ADA claim is governed by special venue provisions set forth in Title VII. *See In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003). 42 U.S.C. § 2000e-5 provides that:

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5 (2009).

In *Tucker v. U.S. Dept. of Army*, the Fifth Circuit decided a substantially similar question on venue as we are presented here. In *Tucker*, a *pro se* plaintiff filed for employment discrimination

3

in violation of Title VII and the Age Discrimination in Employment Act ("ADEA") in the Western District of Louisiana. *Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1994). Insofar as his ADEA claim was concerned, the Fifth Circuit found the plaintiff filed in an appropriate venue where the plaintiff resided in that district. Id. at 2*. However, in regards to the specific requirements for venue pursuant to his Title VII claim the Fifth Circuit found that venue was appropriate in Texas. *Id*. Specifically, the Fifth Circuit reasoned that transfer was proper because the "alleged discrimination took place in Texas, the relevant employment records [were] located in Texas, and the plaintiff would have continued to have been stationed in Grand Prairie, Texas but for the alleged discrimination." *Id*. Ultimately—rather than dismissing plaintiff's case—the Fifth Circuit found transfers under § 1404(a) and § 1406(a) of plaintiff's ADEA and Title VII claims to be appropriate remedies. *Id*. at 3*.

Disposition of Plaintiff's complaint in this District does not satisfy the venue requirements for her ADA claim. Rec. Doc. 7. The alleged refusal to provide Plaintiff with a specially-requested chair and her alleged termination apparently took place in the Middle District. Rec. Doc. 15-1. Further, the record thus far shows that Plaintiff worked in Geismar, and relevant

4

employment records are managed in Houston, Texas and at Shell's Geismar facility. *Id*.

While it is quite possible that Plaintiff's FMLA claim meets the lenient requirements of § 1391(b), the general rule that venue must be proper as to each distinct cause of action presents an unfortunate conflict and result. *Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1994) citing Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972). Rather than dismiss Plaintiff's case, the interests of justice promote transfer of this case to the Middle District under 28 U.S.C. § 1404(a).[1] The Middle District of Louisiana is a proper district where Plaintiff "might have" brought this action originally. Moreover, while Plaintiff's choice forum was the Eastern District of Louisiana, Fifth Circuit precedent is clear that while choice of forum is to be considered it is not exclusively determinative of venue. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

New Orleans, Louisiana, this 19th day of April, 2018.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404 (2011).